IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESLIE GREER, | § | |
| Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-160-M |
| RICHARDSON INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment [Docket Entry #83], Plaintiff's Third Motion for Summary Judgment [Docket Entry #85], Defendant's Motion for Reconsideration [Docket Entry #113], and the parties' submissions regarding new Fifth Circuit case law [Docket Entries #122, 125, & 126]. For the reasons explained below, Defendant's Motion for Reconsideration is GRANTED, Defendant's Motion for Summary Judgment as to the ramp and parking spaces is GRANTED, and Plaintiff's Third Motion for Summary Judgment as to the ramp and parking spaces is DENIED. Plaintiff's claims as to the ramp and parking spaces are DISMISSED.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

The background facts and procedural history of this case are recounted in a prior memorandum opinion and order of August 2, 2010, where this Court granted in part and denied in part certain of Defendant and Plaintiff's Motions for Summary Judgment [Docket Entry #111]. Specifically, this Court granted summary judgment in favor of Defendant as to Plaintiff's claims relating to existing facilities at Berkner B Field, and granted summary judgment in favor

of Plaintiff as to the construction of a new ramp. In doing so, this Court noted that the Fifth Circuit had not addressed whether a plaintiff must have encountered the architectural barrier at issue in order to have standing to bring suit to challenge the compliance of such barrier with the ADA and its regulations and guidelines and their state court analogues. The Court concluded that Defendant had not countered Plaintiff's summary judgment evidence, and this Court granted Plaintiff's Motion for Summary Judgment as to the ramp.

The Court reserved decision on the parties' Cross-Motions for Summary Judgment as to the handicapped parking spaces and ordered the parties to submit a joint stipulation as to the number of handicapped parking spaces at Berkner B Field and whether they met the Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities ("ADAAG") requirements.

On August 12, 2010, the parties submitted a Joint Stipulation, agreeing that there are 189 parking spaces in Parking Area A, adjacent to Berkner B Field, and that under ADAAG, only six parking spaces must be designated as handicapped accessible for such a parking lot. The parties disagreed as to whether the spaces actually comply with ADAAG. Also on August 12, 2010, Defendant filed a Motion for Reconsideration as to the ramp, claiming there was summary judgment evidence proving the ramp's compliance. On September 2, 2010, Defendant filed a supplemental brief arguing that the new case of *Frame v. City of Arlington*, 616 F.3d 476 (5th Cir. 2010) controlled.

ANALYSIS

I. **Motion for Reconsideration**

The Federal Rules of Civil Procedure do not formally recognize a "Motion for Reconsideration," but out of necessity, the Fifth Circuit has developed an approach for trial

courts to evaluate such a motion. The first inquiry involves determining which federal rule governs the motion. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1990), *overruled on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc). A motion for reconsideration is treated as "either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." *Id.* at 173. As the Fifth Circuit stated, "if the motion is served within ten (10) days of rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.*

Because the present Motion for Reconsideration was filed within ten days of entry of the Court's Order denying Defendant's Motion for Summary Judgment, the Court treats it as a Rule 59(e) motion to alter or amend. Fed. R. Civ. P. 59(e). Relief under Rule 59(e) is appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Courts have broad discretion to reopen cases under Rule 59(e), but must balance the need to bring litigation to an end with the need to render just decisions on the basis of all the facts. *Lavespere*, 910 F.2d at 174.

Defendant requests reconsideration of the ramp determination because: (1) this Court did not consider the evidence contained in an affidavit it provided in the summary judgment context; and (2) Greer did not have a private right of action to assert the ramp issue because under *Frame* she could not pursue a private right of action.

Here, where recent Fifth Circuit case law constitutes controlling authority which this Court earlier noted was lacking, Rule 59(e) relief is warranted. This Court did not enter final judgment, allowing additional briefing on *Frame*, which both parties agree is controlling authority. *See* Pl.'s Br. in Opp. To Def.'s Mot. for Recons. 2 ("RISD contends, and Ms. Greer agrees, that *Frame v. City of Arlington*, controls this case."). Therefore, this Court GRANTS

Defendant's Motion for Reconsideration as to the ramp issue, and addresses the issue of whether Plaintiff has a private right of action to pursue it.

## II. Private Right of Action

Title II provides that no individual with a qualifying disability shall be denied the benefits of the "services, programs, or activities" of a public entity. 42 U.S.C. § 12132. The phrase "services, programs, or activities" is not defined in the statute. The Fifth Circuit has held that Title II of the ADA mandates physical accessibility and the removal and amelioration of architectural barriers, *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 291 (5th Cir. 2005), and other circuits on which this Court relied have held that this obligation extends beyond cases of actual exclusion to cases of constructive exclusion. *See, e.g.*, *Jones v. City of Monroe, Mich.*, 341 F.3d 474, 479–80 (6th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001).

Until *Frame*, the Fifth Circuit had not decided two issues relevant to this case: (1) whether "constructive exclusion" applies, so that a plaintiff need not show it was impossible for her to access the "services, programs, or activities" in order to have a private right of action; and (2) whether curbs, sidewalks, and parking lots are encompassed by the phrase "services, programs, or activities."

The Fifth Circuit's decision on rehearing in *Frame v. City of Arlington*, 616 F.3d 476 (5th Cir. 2010) directly addresses both issues. The plaintiffs-appellants were disabled residents of the City of Arlington. They sued the City, seeking injunctive relief under Title II of the ADA, because of alleged inadequate parking and poorly maintained sidewalks and curbs throughout the City. The district court dismissed plaintiffs' claims under Fed. R. Civ. P. 12(b)(6), and plaintiffs appealed.

The Fifth Circuit, in *Frame*, considered several issues of first impression. Agreeing with the Sixth and Ninth Circuits, the Fifth Circuit held that under the ADA, a plaintiff may show that a benefit is being administered in a way that "effectively denies" individuals with disabilities "meaningful access" to services, programs, and activities. *Frame*, 616 F.3d at 482 (citing *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 672 n.2 (5th Cir. 2004); *Jones v. City of Monroe, Mich.*, 341 F.3d 474, 479–80 (6th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001)).

Thus, if a plaintiff claims that a physical infrastructure's noncompliance with the law excludes her from, or effectively denies her meaningful access to services, programs, or activities, she has a private right of action to enforce compliance. In *Frame*, however, plaintiffs sought correction of a noncompliant sidewalk, curb, and parking lot, but they did not correlate the violation with a deprivation of other services, programs, or activities; they instead argued that the sidewalks, curbs, and parking lots themselves constituted services, programs, or activities of which they were deprived.

The Fifth Circuit disagreed, finding that sidewalks, curbs, and parking lots are not services, programs, or activities within the meaning of Title II, but are, instead, "infrastructure," "facilities," or gateways to services, programs, or activities. *Frame*, 616 F.3d at 485–88. Thus, the Fifth Circuit found that no claim is stated by a suit challenging the condition of sidewalks, curbs, and parking lots, unless the condition results in a denial of access to a service, program, or activity.

Therefore, this Court must inquire whether the alleged noncompliance of the ramp or parking spaces deprived Plaintiff of access to Berkner B Field's services, programs, or activities. This Court previously found that Plaintiff was not denied access to the services at Berkner B

Field, and she has not presented any new evidence that correlates the ramp and parking spaces to a denial of such access. Thus, Greer cannot prove a claim for injunctive relief regarding the allegedly noncompliant ramp and parking spaces.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Reconsideration is GRANTED, Defendant's Motion for Summary Judgment as to the ramp and parking spaces is GRANTED, and Plaintiff's Third Motion for Summary Judgment as to the ramp and parking spaces is DENIED. Plaintiff's claims as to the ramp and parking spaces are DISMISSED.

**SO ORDERED.**

November 12, 2010.

**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**