IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LESLIE GREER, § | |
| Plaintiff, § | |
| v. § | No. 3:08-CV-0160-M |
| § | |
| RICHARDSON INDEPENDENT § | |
| SCHOOL DISTRICT, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred to this Court the Motion for Attorneys' Fees (doc. 130) of Defendant Richardson Independent School District ("RISD" or "Defendant"). Pursuant to this Court's January 20, 2011 Order (doc. 151), Defendant amended the motion. Accordingly, before the Court for consideration are Defendant's Amended Motion for Attorney Fees ("Motion") and Brief and Appendix in Support (docs. 153-155). The court has considered the Motion, the Response and Appendix (doc. 156) of Plaintiff Leslie Greer ("Plaintiff"), Defendant's Reply and Brief in Support (docs. 157-158), and the record in this case.

Defense counsel spent 1,315 hours at reasonable hourly rates of $135-225 per hour defending this case and incurred total attorney fees of $206,004.25. Paralegal fees at $75.00 per hour totaled $29,355.00. However, Defendant's Motion for Attorney Fees pursuant to 28 U.S.C. § 1927 seeks only the limited amount of attorney fees that Defendant incurred as a result of Plaintiff's counsels' allegedly unreasonable and vexatious conduct of this litigation. (Def.'s Mot., doc. 130 at 1.) Defendant has segregated these fees from the total fees. Plaintiffs' counsel suggests in its "Standard of Review" that Defendant is required to prove by clear and convincing evidence that every facet of the litigation was patently meritless and that counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial to recover fees pursuant to 28 U.S.C. § 1927. (Pl.'s Resp., doc. 140 at 2.) However, in this case, Defendant does not seek the total attorney fees incurred. Rather, in Defendant's Amended Motion and Brief, Defendant specifically identifies the fees it incurred as a result of Plaintiff's counsels'

allegedly unreasonable and vexatious litigation tactics and reckless violations of Plaintiff's counsels' duty to the District Court. These include: "repeated mischaracterizations of the proper legal standards, fabricated accusations against Defendant for allegedly advancing a new secret legal standard, and mischaracterizations of witness deposition testimony." (Def.'s Br., doc.154 at 3.) Defendant contends that Plaintiff's counsel unreasonably and vexatiously multiplied the proceedings, causing Defendant to incur $34,958.00 in attorney fees and $5,572.50 in paralegal fees in excess of the attorney fees and paralegal fees that would have been required to defend this case. Defendant details the unwarranted fees generated by Plaintiff's counsels' filing of the following pleadings: (1) Third Motion for Summary Judgment (doc. 85); (2) Response to Defendant's Motion for Summary Judgment (doc. 90); (3) Motion to Strike Undue Burden Defense and for Sanctions (doc. 98); (4) Request for Findings of Fact on Undue Burden Defense (doc. 118); and (5) Motion to Deny Costs (doc. 138).

Neither party has requested a hearing on Defendant's Motion, and this Court does not find that a hearing would clarify the § 1927 issues. The District Court has thoroughly documented a number of the problems with Plaintiff's counsels' conduct in this case, and the parties have briefed all of the issues before the Court.

**Standard of Review**

Sanctions pursuant to 28 U.S.C. § 1927 are penal in nature. *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1416 -1417 (5th Cir. 1994) (citations omitted). Accordingly, in order not to dampen the legitimate zeal of an attorney in representing his client, § 1927 must be strictly construed. *Id*. A court must ensure that the offending attorney's multiplication of the proceedings was both "unreasonable" and "vexatious." *Id*. This must include evidence of reckless disregard of the duty owed to the court, bad faith, or improper motive. *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 245 (5th Cir. 1994).

Despite the strict limitations for imposing § 1927 sanctions, their imposition and quantification are committed to the sound discretion of the court which imposes them; the Fifth

2

Circuit Court of Appeals reviews only for abuse of that discretion. *See e.g., Topalian v. Ehrman,* 3 F.3d 931, 934 (5th Cir. 1993); *Trevino v. Holly Sugar Corp.,* 811 F.2d 896, 907-08 (5th Cir. 1987). The reviewing court does not substitute its judgment for that of the district court in enforcing acceptable standards of conduct. *Topalian,* 3 F.3d at 935.

In an August 8, 2010 Memorandum Opinion and Order (doc. 111), the District Court recognized a number of ways in which Plaintiff's counsel recklessly disregarded its duty to the Court. With respect to Defendant's Third Motion for Summary Judgment, the District Court disapproved Plaintiff's summary judgment brief due to the paucity of citations, the "use of informal language that seesaws between flippancy and condescension," and the obvious lack of proofreading by both counsel. (Mem Op. and Order at 1, n.1.)[1]

On March 4, 2009, the District Court had granted Defendant leave to amend its Answer to add the undue burden defense. Plaintiff's counsel sought to misdirect the Court with respect to this defense by arguing that Defendant's expert witness, Michael Longanecker, "agreed that the facilities at Berkner B Field were not accessible." The District Court called this argument "misleading at worst" and "consistently confus[ing]" at best and held that Longanecker's testimony "clearly states that specific elements of Berkner B Field did not comply with [ADA Accessability Guidelines ("ADAAG")], but that the program as a whole is nevertheless accessible." (Mem. Op. And Order, doc. 111 at 9 n.31.)

Plaintiff's counsels' reckless disregard of its duty to the Court is evident from the District Court's admonition that its review of Plaintiff's Motion for Summary Judgment as to the newly renovated portions of Berkner was severely hampered by Plaintiff's repeated failures to accurately cite to the record. (*Id*. at 12, n.50.)

---

[1] This was not Plaintiff's counsels' only failure to cite a single case in a brief, as demonstrated by Plaintiff's Brief in Support of Motion for Leave to File Second Amended Complaint which cites not a single case. (Pl.'s Br. Doc. 61.) Additionally, the latter brief uses the same informal, impertinent arguments and flippant or condescending questions that are inappropriate in a brief addressed to the United States District Court.

Plaintiff's counsels' needless multiplication of the proceedings went far beyond the bounds of vigorous advocacy on behalf of a client. Without legal or factual justification, Plaintiff's counsel, accused Defendant of conjuring and surreptitiously promoting a non-existing legal standard for existing facilities called "functional accessibility." (Doc. 86 at 17-32; 90 at 12). The District Court observed this wrongful accusation and found against Plaintiff. (Doc. 111 at 9 ("[Defendant] is correct as to the proper legal standard for existing facilities," finding that "under this standard, [Plaintiff] fails to present a prima facie case.")). As stated previously, the District Court disapproved of Plaintiff's counsels' taking out of context the deposition testimony of Defendant's witness, Mr. Longanecker, in an attempt to convince the Court that the witness had agreed that the facilities at Berkner B Field were not accessible. (*Id*. at n.31.)

Plaintiff's counsel attacked Defendant's counsel in Plaintiff's Third Motion for Summary Judgment, claiming that Defendant "has just made this whole functional accessibility thing up." (Doc. 86 at 20.) The attack continued:

> [Defendant] has misled this court throughout this entire case because it failed to inform the court in its pleadings, briefing, affidavits, and at hearings, that when it uses the term accessible it doesn't actually mean accessible as that term is used in the ADAAG. It only means this made up "functional accessibility" that it created.

*Id*. (emphasis in original). Plaintiff's counsel attempted to misdirect the Court by accusing Defendant of "wasting literally hundreds and hundreds of hours of [its] legal time briefing this case in order to expose this complete fabrication about what [Defendant] means by "accessible." (*Id*. at n.20.) Plaintiff's counsel represented to the District Court that the "problem is that [Defendant's] claims about the different elements at Berkener being accessible are a total fabrication." (Emphasis in original). It continued: "[Defendant] without telling the Court, was using the secret "functional accessibility" standard. (*Id*.) (Emphasis in original.) Plaintiff's counsel's overuse of hyperbole such as its reference to the "headspinning testimony" of Defendant's Director of Facilities Management that "the entire Berkner B Field stadium was inaccessible" illustrate the unreasonableness of the

4

attacks that permeated Plaintiff's brief.

Defendant was required to expend extensive attorney and paralegal time clarifying the record for the District Court. Defendant has documented that, with respect to Plaintiff's Third Motion for Summary Judgment, Defendant was required to incur attorneys fees in amount of $6,782.50 and paralegal fees in the amount of $487.50.

In Plaintiff's fifty-page Response to Defendant's Motion for Summary Judgment, Plaintiff's counsel continued to assert equally unprofessional and untrue claims of Defendant's "dishonesty" and claimed its defense "border[ed] on insanity." (Doc. 90 at 29.) Defendant was required to answer many unwarranted attacks, such as the following:

> Gather round while we tell of the great RISD plan to fix Berkner. Way back when in a time long long ago in a land far far away, before the 2006 bond was even set, RISD had a plan. A great plan. A plan to fix Berkner. Estimates were gathered and the plan would have worked, but then a mean old man they can't identify for unknown reasons cut the plan, and Berkner wasn't fixed.

(*Id*. at 44.) Plaintiff's counsel further accused Defendant of intentionally omitting bond funds in an effort to mislead the District Court in spite of the fact that Defendant's employees' sworn testimony explicitly identified the bond process and the systematic, planned expenditures of the funds. (*Id*. at 47-48.) (For further examples of why Defendant was required to expend significant, unnecessary legal and paralegal resources defending against Plaintiff's counsels' litigation tactics, *see also, e.g*., doc.90 at 12, 14, 15 , 19-20, 23, 26-28, 29, 30-34, 36-37.) In connection with defending itself against these tactics in the Response, Defendant incurred attorney fees in the amount of $8,235.00 and paralegal fees of $802.50.

Plaintiff's counsel engaged in the same kind of unreasonable and vexatious attacks against Defense counsel in Plaintiff's lengthy Motion to Strike Undue Burden Defense and for Sanctions

5

and 212 page Appendix in Support. (Doc. 98, App. Pt. 1, App. Pt.2.) Defendant incurred $7,023 in attorney fees and $1,590 in paralegal fees for defending the frivolous and unwarranted Motion to Strike Undue Burden Defense and for Sanctions.

Following the District Court's August 2, 2010 written disapproval of Plaintiff's counsels' tactics and its denial of Plaintiff's Third Motion for Summary Judgment and Motion to Strike Defendant's Undue Burden Defense, Plaintiff's counsel filed its August 20, 2010 Motion for Findings of Fact on Plaintiff's Motion to Strike Undue Burden Defense and for Sanctions (doc. 118). On August 27, 2010, the District Court made the following findings on Plaintiff's Motion for Sanctions:

> (1) Defendant's undue burden defense was not asserted in bad faith; (2) in light of the scattershot allegations Plaintiff pled in her Complaint, and the potential issues with regard to Plaintiff's standing to assert many of her claims under the Americans with Disabilities Act ("ADA"), the Court allowed Defendant to add an affirmative defense of undue burden and reopened discovery on that issue in case it became necessary to determine the issue; (3) in allowing assertion of the undue burden defense, the Court could not know how it would rule on a summary judgment motion where it had to decide first whether Plaintiff met her prima facie burden under the ADA; (4) in deciding the motions for summary judgment, the Court did not address the undue burden defense, having concluded that Plaintiff did not meet her prima facie burden under the ADA; (5) during extended discovery, Plaintiff asserted many new claims, and on the majority of those, the Court granted summary judgment for Defendant; and (6) it would waste judicial resources for the Court to further evaluate the moot defense of undue burden.

(Order, doc. 118, August 27, 2010.) Thus, the Court clarified that it was Defendant who was proceeding in good faith in raising the undue burden defense and Plaintiff's "scattershot pleadings" and sketchy standing issues that prompted the Court to allow Defendant to raise that defense in the event that Plaintiff's claims should survive Defendant's summary judgment motion. (*Id.*)

Defendant necessarily expended attorney and paralegal time preparing a response to the motion for findings of fact. However, the response was not filed because the District Court's prompt

6

disposition of the motion. The attorney and paralegal time spent on the response was necessary because Plaintiff continued to file pleadings with respect to the moot issue. Therefore, Defendant should be awarded its attorney fees in the amount of $1,330 and paralegal fees in the amount of $135 for the preparation of the response.

Plaintiff's counsel filed a Motion to Deny Costs, claiming that Defendant was responsible for the additional discovery that Plaintiff had sought and again, despite the District Court's explicit finding of Defendant's good faith, reasserted that Defendant was in bad faith in bringing the undue burden defense. Defendant necessarily incurred attorney fees defending the motion to deny costs in the amount of $2,925, as well as paralegal fees in the amount of $847.50.

Additionally, Defendant seeks attorney fees in the amount of $2,925 for preparation and filing of the motion for attorney fees and $4,980 in preparation of the amended motion for attorney fees. It also seeks paralegal fees in connection with the motion in the amount of $847.50 and in connection with the amended motion in the amount of $2,427.50.

Plaintiff's counsel responded to Defendant's Amended Motion for Attorney Fees by simply rehashing the same arguments made in its previous pleadings, continuing its unreasonable and exaggerated rhetoric, its unfounded attacks on Defendant, and its reckless disregard of its duty to the Court to provide accurate citations of the record and to support its briefs with citations to the law. In sum, Plaintiff has failed to show that Defendant is not entitled to attorney fees pursuant to 28 U.S.C. § 1927 under the facts of this case. The fees Defendant incurred for seeking attorney fees resulted from Plaintiff's counsels' conduct in unreasonably multiplying the proceedings.

**Recommendation**

Defendant seeks fees only for Plaintiff's counsels' actions that unreasonably multiplied the proceedings. Defense counsel and paralegals kept detailed time records. Fees were charged at reasonable hourly rates of $135 to $225 for attorneys and $75 per hour for paralegals. These rates are reasonable compared to the rates charged by other attorneys in this locality who possess the same skill and expertise as Defense counsel. The fees requested are tied to the services performed in connection with specific pleadings that resulted from Plaintiff's counsels' unreasonable multiplication of the proceedings. The Court finds that Defendant is entitled to attorney fees under 28 U.S.C. § 1927 in the amount of $34,958.00 and paralegal fees in the amount of $5,572.50 for work in the nature of that performed by attorneys. This lodestar amount is based upon the reasonable number of hours for the work performed multiplied times the reasonable hourly rates of the attorneys and paralegals. No adjustment of the lodestar amount is warranted. The Court recommends that the District Court award Defendant attorney fees in the amount of $34,958.00 and paralegal fees of $5,572.50 pursuant to 28 U.S.C. § 1927, to be recovered jointly and severally from Plaintiff's counsel, Palmer D. Bailey and Kenneth D. Carden.

SO RECOMMENDED, this 12th day of April, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).